IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.H. PARKER CONSTRUCTION COMPANY, INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-471C |
| | ) | (Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits that the defendant is the United States; the reminder of the allegations contained in paragraph 3 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first and second sentences of paragraph 4. The allegations contained in the third

sentence of paragraph 4 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 4.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. Admits the allegations contained in the first sentence of paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 7. Denies the allegations contained in the second sentence of paragraph 7.

8. Denies.

9. Denies.

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10.

11. Denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 11. Denies the allegations contained in the third sentence of paragraph 11. The allegations contained in the fourth sentence of paragraph 11 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fifth and sixth sentences of paragraph 11. The allegations contained in the seventh sentence of paragraph 11 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. Admits the allegations contained in the first, second and third sentences of paragraph 12 to the extent supported by the contract and modification cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first, second and third sentences of paragraph 12. Denies the allegations contained in the fourth sentence of paragraph 12.

13. Denies.

14. The allegations contained in paragraph 14 are

plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that pay estimate 22 for the period from September 1, 2002 through September 30, 2002 indicates that 91 per cent of the bid items had been completed, 85 per cent of the performance time had elapsed, and the remark column stated "progress satisfactory."

15. The allegations contained in the first and second sentences of paragraph 15 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that plaintiff made certain statements questioning the safety of the dam. Denies the allegations contained in the third and fourth sentences of paragraph 15.

16. The allegations contained in the first sentence of paragraph 16 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied, except admits that a consultant alleged "a longitudinal crack was noted in the embankment immediately upstream of the SAF outlet. This crack could be an indication of soft material in the foundation in the vicinity of the principal spillway." Denies the allegations contained in the second and third sentences of paragraph 16.

17. Denies.

18. Denies.

19. The allegations contained in paragraph 19 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 are plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are plaintiff's characterization of its case and conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies that plaintiff is entitled to the relief set forth in the prayer for relief set forth in paragraph 22, or to any relief whatsoever.

23. Denies that plaintiff is entitled to the relief set forth in the prayer for relief set forth in paragraph 23, or to any relief whatsoever.

24. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-6979

May 20, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 20, 2004, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier