IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JH PARKER CONSTRUCTION COMPANY, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-471C |
| THE UNITED STATES, | ) | (Chief Judge Damich) |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Appendix A of the Rules of the Court of Federal Claims ("RCFC"), plaintiff, JH Parker Construction Company, Inc. ("Parker"), and the defendant, the United States, respectfully submit this Joint Preliminary Status Report ("JPSR").

**4.A. Does the court have jurisdiction over the action?**

The parties are not presently aware of anything that would prohibit the Court from exercising jurisdiction over matters alleged in the complaint pursuant to section 609 of the Contract Disputes Act, 41 U.S.C. § 601, et seq. ("CDA"), and the Tucker Act, 28 U.S.C. § 1491(a).

**B. Should the case be consolidated with any other case and the reasons therefore?**

No.

**C. Should trial of liability and damages be bifurcated, and the reasons therefore?**

No.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, a schedule for the intended filing?**

No.

**H. What are the relevant issues?**

The parties respectfully submit the following separate statements of relevant factual and legal issues.

Statement by Parker

**Fact Issues**:

1. Was Parker ahead of schedule when its right to proceed was terminated?
2. How much contract time had been used and how much of the work had been performed when Parker's right to proceed was terminated?
3. To how many additional days of contract time was Parker entitled when Parker's right to proceed was terminated?
4. Was Parker demonstrating that it was not proceeding "with diligence that (would) insure its completion within the time specified"?
5. What was the effect of the wrongful termination?
6. Is Parker of the size to and does this dispute qualify for EAJA relief?

**Legal Issues**:

1. Whether the Contracting Officer was justified in her decision to terminate Parker's contract;
2. Whether Parker was entitled to additional contract time when the termination was issued; and, if so, the amount thereof;
3. The sums due Parker after the fault termination is converted to a termination for convenience;
4. Whether Parker is entitled to EAJA relief, and if so,

the amount thereof;

Statement by the United States

**Factual Issues**

1. Did Parker stop work in December 2002?
2. Did Parker's refusal to return to the job endanger the structures already erected?
3. When the contract was terminated for default in April 2003, could Parker have completed all contract work by the contract completion date: June 3, 2003.
4. Can Parker demonstrate that more than 290 days of performance were lost due to adverse weather?
5. Did any reasonable basis for termination of the contract for default exist when the contracting officer terminated the contract in April 2003?
6. Assuming liability for the purposes of argument, what damages did Parker suffer as a direct result of the termination?

**Legal Issues**

1. Can Parker prove that it is entitled to additional performance days due to adverse weather beyond the 290 days provided for in the contract?

2, Did any reasonable basis for termination of the contract for default exist when the

contracting officer terminated the contract in April 2003?

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Settlement is unlikely. The parties do not agree to seek alternative dispute resolution proceedings.

**J. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling?**

Trial is likely. The parties agree that expedited trial scheduling would not be in the interests of justice or judicial economy.

**K. Are There Special Issues Regarding Electronic Case Management Needs?**

No.

**L. Is there any other information of which the court should be aware at this time?**

The United States intends to seek an audit by the Defense Contract Audit Agency. It is expected to take a substantial period of time to arrange and to complete such an audit.

**5. Proposed Discovery Plan**

1. Fact discovery should be completed by March 31, 2005. All requests pursuant to RCFC 31, 33, 34 and 36 served after February 24, 2005 shall be deemed untimely.

2. The party with the burden of proof regarding an issue shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by April 29, 2005.

3. All rebuttal experts, required information, and expert reports shall be disclosed by May 31, 2005.

4. All expert discovery shall be completed by July 15, 2005.

5. Summary judgment motions, if any, shall be filed by September 16, 2005.

6. A status conference shall be held on or about October 3, 2005 to discuss the status of the case, and to establish any necessary pretrial schedule.

Respectfully submitted,

S/ Thomas W. Prewitt
THOMAS W. PREWITT
7720 Old Canton Road
Suite A
Madison, MS 39110
Tele: 601-427-2327
Fax: 601-427-2330

Attorney for Plaintiff

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W

Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

July 15, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on July 15, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier