IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.H. PARKER CONSTRUCTION COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-471C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Damich) |
| | ) | |
| Defendant. | ) | |

**PARKER'S MOTION TO LIFT STAY**

COMES NOW, J.H. Parker Construction Company, Inc. "Parker" and files this Motion to Lift Stay and for cause of the same says:

1.

By Order filed July 27, 2004, the Court of its own Motion entered a stay of these proceedings until March 31, 2005 in order to give time for the United States time to conduct an audit. The United States did not seek the stay.

2.

The issue before the Court in this proceeding is whether or not Parker was properly terminated.

3.

Parker was not required to and has not yet filed its claim for the compensation due a contractor which has been terminated for convenience; thus, at this point, there is nothing for the audit team to audit and Parker believes that an audit may not be necessary. In any event, the parties can move the case forward, even if an audit needs to be conducted, through depositions and other forms of discovery. In fact, prior to the

entry of the Stay, the parties had begun discovery and had been in contact several times discussing ways to conduct discovery conveniently and consistently.

4.

The parties are discussing the possibility of settlement and are also discussing ways to approach settlement. Parker intends to initiate the claim procedure and file its Termination for Convenience claim if the parties are unable to make significant settlement progress in the near future. Thus, this proceeding will not be delayed for lack of a claim to be audited.

5.

Meaningful discovery may be conducted immediately notwithstanding that an audit has not been performed and Parker has agreed that if, after an audit is conducted, the United States desires to re-depose someone who has already been deposed, that Parker will not have an objection to that procedure.

6.

Parker's counsel is a 67 year old sole practitioner and desires to retire prior to the date that this matter might be tried if the Stay continues in effect. He has experienced medical problems recently and does not want to delay the ultimate resolution of this dispute. Parker has already invested substantial sums educating counsel and it might be very expensive to Parker to delay discovery on this matter.

7.

The United States has been contacted about Parker's intention to file this Motion to Lift Stay and does not have an objection to the entry of an Order lifting the Stay.

WHEREFORE, Parker prays for an Order Lifting Stay so that the parties may continue with discovery proposed in the Joint Preliminary Status Report.

Respectfully submitted,

J.H. Parker Construction Company, Inc.

S/Thomas W. Prewitt
THOMAS W. PREWITT
Mississippi Bar No. 4489
7720 Old Canton Road, Suite A
Madison, Mississippi 39110
Post Office Box 2327
Madison, Mississippi 39130-2327
(601) 427-2327
(601) 427-2330 Fax

ITS ATTORNEY

**CERTIFICATE OF SERVICE**

I, THOMAS W. PREWITT, do hereby certify that I have mailed, via United States Mail, postage fully prepaid thereon, a true and correct copy of the above and foregoing to:

Mr. James W. Poirier
Attorney
Commercial Litigation Branch, Civil Division
Department of Justice
Attention: Classification Unit, 8th Floor, 1100 L Street, N.W.
Washington, District of Columbia 20530

THIS, the 17th day of August, 2004.

S/Thomas W. Prewitt
THOMAS W. PREWITT