**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **J.H. PARKER CONSTRUCTION COMPANY, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-471C** |
| | ) | **(Judge Damich)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

COMES NOW the plaintiff J.H. Parker Construction Company, Inc. ("Parker" or "Plaintiff") and the defendant United States (the "Government"), by counsel, and pursuant to the Court's Order dated September 13, 2005, submit this Joint Status Report, stating as follows:

1. The parties have exchanged interrogatories and requests for production.
2. The Government has produced a large quantity of documents and is now in the process of reviewing questions about particulars raised by Parker.
3. In the event that the parties are unable to resolve all issues related to the Government's document production, Parker has agreed to accept the use of telephone interviews with the Government's witnesses or other people with knowledge of the Project for the sole purpose of determining the existence and location of documents relating to this matter.
4. Parker served its First Set of Interrogatories to the Government on January 25, 2006.
5. Parker responded to the Government's Interrogatories on January 27, 2006. Parker also has responded to the Government's Requests for

Production of Documents, but actual production of documents is not complete.

6. The Government is unlikely to complete construction of the dam at issue in this case before the Spring of 2006. As per regulation, the Government cannot claim any damages for reprocurement costs until such time as the reprocurement contract is completed.

7. Parker has not filed any claim for damages. Parker anticipates submitting its claim for damages by February 28, 2006.

8. Based on the competing trial schedules and other obligations of counsel, the parties have allotted three specific weeks for out-of-town depositions. At present, the parties have agreed upon the weeks of March 20-24; portions of April 10-14; and April 17-21 for out-of-town depositions. This schedule requires that certain depositions be taken beyond the April 13, 2006 discovery date set forth in the Court's September 13, 2005 Scheduling Order. The Defendant will file a motion for enlargement of time requesting an additional 60 days for fact discovery.

9. The parties are discussing available days for the in-town deposition of Ms. Dempsey.

10. Parker has identified the following individuals who it intends to depose:

Janice Dempsey
Verlene Ratliff
Scott Culberson
Kim Harris
Ed Chisolm
Danny Nelson
Ray Oliver
Spencer Engineers (James Fitzpatrick and/or Bobby Daniels)
Schnabel Engineering Representative

Pickett Construction Representative

Not all witnesses are party witnesses. Accordingly, there is additional uncertainty regarding the dates when non-party witnesses will be available.

11. At present, the Government has identified John Parker as a potential deponent. In accordance with the Government's request, Mr. Parker is available for a deposition on March 27, 2006.

12. The parties have discussed the possibilities of resolving the entitlement issues in the case by agreement, and will continue to do so.

Respectfully submitted,

/s Carter B. Reid, Esq.
WATT, TIEDER, HOFFAR &
FITZGERALD, L.L.P.
8405 Greensboro Drive, Suite 100
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
*Counsel for J.H. Parker Construction Company, Inc.*

/s Bryant G. Snee
Assistant Director

/s James W. Poirier, Esq.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L. St. NW
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969
*Attorneys for Defendant*

December 30, 2006

CERTIFICATE OF FILING

I hereby certify that on January 30, 2006, a copy of the foregoing Joint Status Report was filed electronically. I understand that a copy of the Joint Status Report will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Carter B. Reid