IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| J.H. PARKER CONSTRUCTION COMPANY, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-471C |
| THE UNITED STATES, | ) | (Judge Damich) |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION
FOR A SCHEDULING CONFERENCE, BY TELEPHONE

Pursuant to RCFC 16(b), defendant, the United States, respectfully requests that the Court conduct a scheduling conference, by telephone, to discuss progress in the case and to discuss certain extensions of pretrial deadlines sought by the parties. Counsel for the plaintiff, J.H. Parker Construction Company, Inc. ("Parker"), has authorized us to state that Parker does not oppose this motion.

I. Recent Progress

Counsel for the parties devoted their focus to settlement possibilities in March and April. A substantial package of documents was gathered and organized for Parker's consideration, and such consideration has been initiated.

Counsel for the parties also attended to other important duties during March and April. Counsel for Parker was in trial. A colleague of his with substantial involvement in this case was married, and took a brief vacation.

Counsel for the United States with principal responsibility for this case participated in a settlement conference on March 16, 2006. HM2 Corporation v. United States, No. 05-551C (Fed. Cl.). On April 10, 2006, counsel filed a reply brief in Air Force v. United Technologies Corp., 05-1393 (Fed. Cir.). (The Air Force case involves a huge record, and numerous important issues; counsel devoted nearly all of his time to this case from the middle of March until April 10, 2006.) On April 14, 2006, counsel filed a cross motion for judgment on the administrative record in a bid protest. NVT Technologies, Inc. v. United States, No. 06-122C (Fed. Cl.). On April 19, 2006, counsel filed a motion for re-hearing. Jacobs Engineering Group v. United States, 05-5052 (Fed. Cir.). Subsequently, counsel devoted substantial time to supervising the production of a 12-volume joint appendix for the Air Force case, which was filed on Monday, April 24, 2006. On April 25, 2006, counsel filed a response to a motion for reconsideration in a case recently transferred to him. William P. Greene v. United States, No. 03-1677C (Fed. Cl.). Over the next several days, counsel filed three status reports and motions to extend stays. Saintignon v. DVA, 05-7191 (Fed. Cir.); Schiavone v. DVA, 06-7003 (Fed. Cir.); Jones v. DVA, 06-7042 (Fed. Cir.). On May 2, 2006, counsel conducted oral argument before the court of appeals. Robertson v. Treasury, 05-

3156 (Fed. Cir.). On May 3, counsel conducted a second oral argument before the court of appeals. Applied Companies v. Army, 05-1511 (Fed. Cir.). During March and April, a colleague at the Department of Justice collected the settlement materials sent to Parker.

II. Tentative Deposition Schedule

The parties have tentatively agreed to an aggressive deposition schedule. However, complete agreement is not possible now because the proposed schedule extends beyond the discovery deadline set by the Court (June 12, 2006). Accordingly, we seek a scheduling conference to answer questions that the Court may have, to take any direction that the Court may offer, and to seek a later deadline.

The parties have tentatively agreed to the following depositions:

Week of May 15. Two days of depositions by counsel for Parker in Mississippi (Ms. Ratliff, Mr. Harris).

Week of May 22. Three days of depositions by counsel for the United States by telephone (short depositions of seven trial witnesses identified by Parker: Mr. Huston, Mr. Crum, Mr. McCoy, Mr. Ronald Elmore, Mr. Edwards, Mr. Lyles and Mr. Robert Elmore).

Week of June 6. Two days of depositions by counsel for Parker in Washington, DC and Mississippi/telephone (Ms. Dempsey and Mr. Wilkes).

Week of June 19. Three days of depositions in Mississippi by both parties (Mr. Parker, Mr. King and Mr. Millette).

July. Counsel for Parker intend to take the depositions of Mr. Shanklin (Texas), Mr. Oliver (Florida), Mr. Culbertson (Mississippi) and Mr. Nelson (Mississippi). Counsel for Parker may take certain other depositions as well. Counsel for the United States does not anticipate taking fact depositions in July, but may learn information that identifies some need for one or more additional depositions.

Both parties expect the proposed schedule to change somewhat as scheduling conflicts arise. In particular, both parties are respectful of the inconvenience to third-party witnesses, and plan to accommodate the schedules of such witnesses to the extent possible.

III. Proposed Revised Schedule

After consultation with counsel for Parker, we respectfully request the following schedule:

1. Fact discovery should be completed by July 28, 2006. All requests pursuant to RCFC 31, 33, 34 and 36 served after June 30, 2006 shall be deemed untimely.

2. The party with the burden of proof regarding an issue shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by August 25, 2006.

3. All rebuttal experts, required information, and expert reports shall be disclosed by September 22, 2006.

4. All expert discovery shall be completed by October 20, 2006.

5. Summary judgment motions, if any, shall be filed by November 3, 2006.

6. A status conference shall be held on or about November 10, 2006 to discuss the status of the case, and to establish any necessary pretrial schedule.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-7969

May 8, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 8, 2006, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION FOR A SCHEDULING CONFERENCE, BY TELEPHONE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier