# In the United States Court of Federal Claims

No. 04-471C
(Filed: May 9, 2006)

****************************************
*
**J.H. PARKER CONSTRUCTION COMPANY, INC.,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
****************************************

**ORDER**

On May 8, 2006, Defendant filed an Unopposed Motion to Amend Discovery Schedule at a scheduling conference. In its motion, Defendant acknowledges that this request represents the parties' third request to extend discovery, but asserts that the parties have diligently worked toward settling the case in March and April of 2006, and were also consumed by numerous outside obligations. The court is hesitant to delay this case further by granting another extension. However, under the circumstances, the court hereby GRANTS Defendant's unopposed motion with a few modifications and ORDERS the following:

1. The parties shall complete all fact discovery by **July 28, 2006.** All requests pursuant to RCFC 31, 33, 34, and 36 that are served after **June 30, 2006**, shall be deemed untimely.

2. The party with the burden of proof regarding an issue shall disclose its testifying experts, expert reports, and RCFC 26(a)(2) information by **August 25, 2006.**

3. The parties shall disclose all rebuttal experts, expert reports, and RCFC 26(a)(2) information by **September 22, 2006.**

4. The parties shall complete all expert discovery by **October 20, 2006.**

5. The parties shall file a joint status report on or before **November 3, 2006**, wherein they inform the court of the status of discovery and how they propose to proceed.

In light of the court's decision to grant the extension, the request for a scheduling conference is moot. The parties are reminded of their obligation to work diligently to meet court-ordered deadlines. In the future, the parties should request a stay of proceedings to engage in lengthy settlement negotiations. In the event the parties file another request to extend court-ordered deadlines, the court will not consider the outside obligations of counsel in determining whether good cause exists to extend the schedule.

s/ Edward J. Damich
Edward J. Damich
Chief Judge